UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3042 JGB (ACCVx)** | Date | July 23, 2026 |
| Title | ***Sandra Ruiz v. Neighborhood Steel, LLC, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 8); (2) GRANTING Defendants' Motion to Dismiss (Dkt. No. 7); and (3) VACATING the July 27, 2026 Hearings (IN CHAMBERS)**

Before the Court is a motion for remand filed by plaintiff Sandra Ruiz ("MTR," Dkt. No. 8) and a motion to dismiss the sixth, seventh, and eighth causes of action in plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) filed by the defendants ("MTD," Dkt. No. 7). The Court finds these matters are appropriate for resolution without hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the MTR and the MTD, the Court **DENIES** the MTR and **GRANTS** the MTD. The Court **VACATES** the hearings set for July 27, 2026.

## I. BACKGROUND

On March 27, 2026, plaintiff Sandra Ruiz ("Plaintiff") filed a complaint in the Superior Court of California, County of Riverside, against defendants Neighborhood Steel, LLC; Triple-S Steel; Sandra Sosa, Blanca Duncan (collectively, "Defendants"); and Does 1–50. ("Complaint," Dkt. No. 1-1).

//
//

The Complaint asserts eight causes of action: (1) disability discrimination in violation of Cal. Gov. Code § 12940; (2) failure to accommodate disability in violation of Cal. Gov. Code § 12940; (3) failure to engage in the interactive process for accommodation of disability in violation of Cal. Gov. Code § 12940(n); (4) failure to prevent, correct, or remedy discrimination and

harassment in violation of Cal. Gov. Code §§ 12940(k) and (j); (5) wrongful termination in violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12940, et seq.); (6) aiding and abetting prohibited discrimination and harassment in violation of Cal. Gov. Code § 12940(i); (7) intentional infliction of emotional distress ("IIED"); and (8) negligent infliction of emotional distress ("NIED"). (See Compl.) The first through fifth causes of action are alleged against Neighborhood Steel, LLC and Triple-S Steel. (Id.) The sixth cause of action is alleged against Sosa and Duncan. (Id.) The seventh and eighth causes of action are alleged against all Defendants. (Id.)

On June 3, 2026, Defendants removed the action to this Court. ("Notice of Removal," Dkt. No. 1.) On June 10, 2026, Plaintiff filed the MTR. (MTR.) Defendants opposed the MTR on June 29, 2026. ("MTR Opp.," Dkt. No. 15.) On July 6, 2026, Plaintiff filed a reply in support of the MTR. ("MTR Reply," Dkt. No. 19.)

On June 10, 2026, Defendants filed the MTD. (MTD.) Plaintiff filed an opposition to the MTD on June 29, 2026. ("MTD Opp.," Dkt. No. 14). Defendants filed a reply in support of the MTD on July 6, 2026. ("MTD Reply," Dkt. No. 18).

## II. FACTUAL ALLEGATIONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion. See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Plaintiff was hired as an Assistant Credit Manager on or about June 1, 2021 by Defendants Neighborhood Steel, LLC and Triple-S Steel. (Compl. ¶ 14.) During her employment, Plaintiff suffered a knee injury diagnosed as a "right patella comminuted" which exposed her to a significant risk of falling and affected her daily life. (Id. ¶ 17.) Plaintiff notified Defendants of her diagnosis and provided human resources ("HR") with a doctor's note excusing her from work. (Id. ¶¶ 18-19.) She also routinely provided Defendants with work status reports following her injury. (Id.)

On April 10, 2024, Plaintiff provided Defendants with a work status report excusing her from work from April 10, 2024 to May 12, 2024. (Id. ¶ 20.) Defendant Blanca Duncan acknowledged receipt of the April 10 report granting Plaintiff's leave. (Id. ¶ 21.) Defendant Sandra Sosa with HR also assured plaintiff that her job was not in jeopardy when Plaintiff submitted her leave. (Id.) Plaintiff was terminated from work on April 25, 2024 before her leave expired. (Id. ¶ 22.)

Plaintiff maintains that she was terminated because of her medical condition and was retaliated against for requesting leave. (Id. ¶ 25.) Plaintiff has since then suffered lost wages/benefits, and severe emotional distress. (Id. ¶ 27.)

## III. LEGAL STANDARD

### A. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal citation omitted). A defendant may therefore remove civil actions over which the federal courts have original jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant. Id. A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016).

Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability must be resolved in favor of remanding the case to state court. Matheson, 319 F.3d at 1090.

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be

drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**C. Rule 15**

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Cap., L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

## IV. DISCUSSION

**A. Motion to Remand**

Plaintiff raises three arguments in support of remand: (1) that the "voluntary/involuntary rule" dictates that Defendant's removal was improper, (2) that Duncan is not a sham defendant such that her citizenship should be considered for purposes of diversity, and (3) that Duncan is non-diverse from Plaintiff. (MTR at 13-14.) The Court takes each argument in turn.

**1. Voluntary/Involuntary Rule**

First, the voluntary/involuntary rule "requires that a suit remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable." Self v. General Motors Corp., 588 F.2d 655, 657 (9th Cir. 1978). Plaintiff argues that this rule bars removal as the case was properly filed in state court and Plaintiff committed no such voluntary act that would justify removal. (MTR at 10-11.) Defendants respond that the case was properly removed because the only non-diverse defendant, Duncan, was properly joined. The Court agrees with Plaintiff that she has not committed any "voluntary act" that would warrant removal. However, removal may still be proper if a Plaintiff fraudulently joins a defendant. Self v. Gen. Motors Corp., 588 F.2d 655, 659 (9th Cir. 1978). Accordingly, the Court next analyzes whether Plaintiff fraudulently joined Duncan.

**2. Fraudulent Joinder**

When determining if complete diversity exists, district courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory." Id. (citation modified). However, "if there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quoting Hunter, 582 F.3d at 1046).

Here, Defendants removed the case, and oppose remand, on the basis that Plaintiff fraudulently joined Duncan. (Notice of Removal at 4-6; MTR Opp. at 6-7.) Defendants contend that the sixth, seventh, and eighth causes of action against Defendant Duncan "fail to state a cause of action and cannot be plausibly amended to state one." (Notice of Removal at 6; see MTR Opp. at 6.) Notably, Plaintiff does not substantively address Defendants' fraudulent joinder argument for the seventh and eighth causes of action in the Motion to Remand. (See MTR at 9-10.) Plaintiff also only makes threadbare arguments in the Reply in support of the MTR. (See MTR Reply at 2-4.) Typically, the "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes 491 F.3d 990, 997 (9th Cir. 2007).

Plaintiff's limited arguments in the MTR Reply fail to establish even the possibility of a claim against the non-diverse Defendant. Regarding the sixth cause of action, Defendants argue that an employee cannot be liable for aiding and abetting discrimination under Cal. Gov. Code § 12940(i). (MTR Opp. at 6-7.) That statute makes it an "unlawful employment practice . . . [f]or any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so." Cal. Gov. Code § 12940(i). Under FEHA, supervisors cannot be held liable for discrimination claims because "individuals who do not themselves qualify as

employers may not be sued under the FEHA for alleged discriminatory acts." Reno v. Baird, 18 Cal. 4th 640, 663 (1998); see also Krantz v. Bloomberg L.P., 2021 WL 8821422, at *3 (C.D. Cal. Dec. 1, 2021) ("The Supreme Court of California has specifically held that discrimination and retaliation causes of action under the FEHA do not create individual liability for supervisors or other employees of the . . . employer . . . either directly or by an aiding and abetting theory."). Plaintiff responds not by discussing the requirements of FEHA but, instead, by stating the elements for aiding and abetting under tort law. (See MTR Reply at 2.) The Court thus finds that Duncan, as Plaintiff's alleged supervisor, cannot be held liable under FEHA.

Regarding the seventh cause of action for IIED, Defendants argue that Plaintiff alleges "nothing more than personnel management activity, such as denying an accommodation and terminating employment" against Defendant Duncan, "which can never support an actionable IIED claim as a matter of law." (MTR Opp. at 10.) An "essential element" of IIED is a "pleading of outrageous conduct beyond the bounds of human decency." Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996). "A simple pleading of personnel management activity is insufficient" to state an IIED claim. Id.

Plaintiff responds that the question whether the alleged conduct is sufficiently outrageous is "generally a factual issue for the jury." (MTR Reply at 2-3.) Plaintiff cites to one case in support of her argument, Angie M. v. Superior Ct., 37 Cal. App. 4th 1217, 1226 (1995). (Id. at 3.) In Angie M., the California Court of Appeals held that the lower court erred in finding that the allegations were insufficient to constitute outrageous behavior where "reasonable minds could certainly differ" as to the outrageousness of the alleged conduct, which involved a middle-aged male doctor initiating and conducting a sexual relationship with a minor while illegally providing her alcohol and drugs and paying her to purchase drugs for him. Id. The conduct alleged in that case is drastically different from the "simple pleading of personnel management activity" alleged here. Janken, 46 Cal. App. 4th at 80. Plaintiff makes no attempt to analogize the conduct in Angie M. to the conduct she alleges here or to distinguish Janken. Plaintiff also fails to make any argument that additional facts would create any possibility that she could state a claim so as to warrant remand. Grancare, LLC v. Thrower by & through Mills, 889 F.3d at 548. Because Plaintiff's action arises out of "personnel management activity," the Court finds that Plaintiff fails to, and cannot possibly, state an IIED claim. Janken, 46 Cal. App. 4th at 80.

Regarding the eighth cause of action for NIED, Defendants argue that "Plaintiff cannot assert this claim against Duncan as a stand-alone cause of action, nor can the conduct alleged in the Complaint support a finding of NIED even if Plaintiff could assert this claim." (MTR Opp. at 11.) Plaintiff asks the Court to treat the NIED claim as a claim for negligence. (MTR Reply at 3.) Plaintiff argues that the Court must ignore "[e]rroneous or confusing labels attached by the inept pleader" where "the complaint pleads facts which would entitle the plaintiff to relief." (Id. (citing Saunders v. Cariss, 224 Cal. App. 3d 905, 908 (1990)).) However, Plaintiff's claim would still fail construed as a negligence claim.

The elements of a negligence claim are "duty, breach of duty, causation, and damages." Burgess v. Superior Ct., 2 Cal. 4th 1064, 1072 (1992). "Whether a defendant owes a duty of care is a question of law." Id. Although Plaintiff argues that Defendants owed "a duty to Plaintiff to accommodate her and to secure her job for her," Plaintiff fails to point to any legal authority in support of that argument. (MTR Reply at 4). Furthermore, supervisory conduct is "inherently intentional" and, therefore, "does not support a cause of action" for negligence. Semore v. Pool, 217 Cal. App. 3d 1087, 1105 (1990); see also Tu v. UCSD Med. Ctr., 201 F. Supp. 2d 1126, 1131 (S.D. Cal. 2002) (dismissing NIED claim where it "deals exclusively with prior and intentional employment decisions"). Thus, Plaintiff fails to state a claim against Duncan.

Plaintiff fails to establish the possibility of a claim against Duncan for aiding and abetting discrimination (Count Six), IIED (Count Seven), or NIED (Count Eight). Accordingly, the Court **DENIES** the MTR.

### B. Motion to Dismiss

Defendants argue that Plaintiff has failed to state a claim as to Count Six, Seven, and Eight. (MTD at 2-3.)

#### 1. Count Six

As discussed above, supervisors cannot be held liable for discrimination claims under FEHA. Reno, 18 Cal. 4th at 663. Therefore, neither defendants Duncan nor Sosa can be held liable under Count Six. Accordingly, the Court **DISMISSES** Count Six. The Court additionally **DISMISSES** Sosa and Duncan.

#### 2. Count Seven

As to Count Seven, Plaintiff recycles the argument made in support of Count Seven in the MTR Reply. (Compare MTD Opp. at 6-7 with MTR Reply 2-3.) For the reasons discussed above, the Court **DISMISSES** Count Seven.

//
//
//

#### 3. Eight Cause of Action

As to Count Eight, Plaintiff likewise recycles the argument made in support of the MTR Reply. (Compare MTD Opp. at 7-8 with MTR Reply 3-4.) For the reasons discussed above, the Court **DISMISSES** Count Eight.

The Court further **ADMONISHES** Plaintiff that her briefing does not meet the standards expected in federal court.

### C. Leave to Amend

Generally, leave to amend under Rule 15 should be granted with "extreme liberality." Eminence Cap., L.L.C., 316 F.3d at 1051. However, the Court may deny leave to amend where "further amendment would be futile." Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). As discussed above, Counts Six and Eight fail as a matter of law. Because Count Seven alleges nothing more than "personnel management activity," Plaintiff cannot state an IIED claim. Janken, 46 Cal. App. 4th at 80. Accordingly, the Court **DENIES** leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendants' Motions to Dismiss **WITHOUT LEAVE TO AMEND**. The Court **DISMISSES** Defendants Sandra Sosa and Blanca Duncan. The July 27, 2026 hearings are **VACATED**.

**IT IS SO ORDERED.**